# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| **DIESA PARIS,** | \* |
| Plaintiff, | \* |
| v. | \*   Case No. 8:18-cv-02434-PWG |
| **MASCO CORPORATION; TOPBUILD CORPORATION,** | \* |
| Defendants. | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Diesa Paris (proceeding without counsel) filed suit against Defendants Masco Corporation and TopBuild Corporation under Title VII of the Civil Rights Act of 1964 asserting claims for sexual harassment, retaliation, age discrimination, and the creation of a hostile work environment. Pending before the Court is Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint.[1] Defendants argue that Plaintiff agreed to arbitrate all claims alleged in the Second Amended Complaint. The Court is required to stay proceedings pending legally binding arbitration, and "dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable." *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709–10 (4th Cir. 2001). Because I find that a valid arbitration agreement exists that covers all Plaintiff's claims, Defendants' Motion to Dismiss is granted.

---

[1] The motion has been fully briefed. *See* ECF Nos. 36, 38, 39. A hearing is not necessary. *See* Loc. R. 105.6 (D. Md. 2018).

## Background

Plaintiff was hired as an employee of Builder Services Group, Inc., in August 2012. ECF No. 36-2 at 10. Plaintiff signed a Dispute Resolution Policy as a condition of her employment with Defendants.[2] *See* ECF No. 36-2, Ex. A, Ex. B. The Dispute Resolution Policy applies to "any claim under applicable state or federal common or statutory law an employee might have against the Company including, for example, all claims for: wages or other compensation due; breach of any contract; violations of public policy; negligence; intentional torts; any alleged exception to the workers' compensation laws; defamation; all forms of unlawful discrimination and retaliation (including, but not limited to, race, color, sex, religion, national origin, disability, marital status or age)." ECF No. 36-2, Ex. A. In addition to signing the Dispute Resolution Policy, Plaintiff acknowledged the policy in two other ways. First, Plaintiff signed her employment application, which specifically stated:

> I agree that in exchange for consideration of my possible employment with the Company, I will be bound, as though an employee, by the Dispute Resolution Policy. Further, in the event of employment, I will also be bound by the Dispute Resolution Policy. As a result, Mediation, and, if unsuccessful, Arbitration will be the sole and exclusive remedies for any claims covered by the Dispute Resolution Policy. I agree not to pursue any such claims in Court, through a judge or jury, except that any court having proper jurisdiction may issue a final judgment based upon the Award of the Mediator or Decision of the Arbitrator. I acknowledge that I have had the opportunity to review the Dispute Resolution Policy prior to signing this document.

ECF No. 36-2, Ex. 2. Second, Plaintiff signed employee acknowledgement forms verifying acceptance of specific documents, including the Dispute Resolution Policy and Questions and Answers related to the policy. ECF No. 36-2, Ex. 3, Ex. 4. The signed Dispute Resolution Policy

---

[2] Builder Services Group, Inc.'s parent corporation is Defendant Masco Corporation, which then became Defendant TopBuild Corporation. *See* ECF No. 36-1 at 15 n.5. As such the Dispute Resolution Policy applies to the claims asserted against Defendants. *See e.g.*, *McCrea v. Drs. Copeland, Hyman & Shackman, PA*, 945 F. Supp. 879 (D. Md. 1996) (applying arbitration agreement to successor entities where there was no change in policies or practices).

Acknowledgement Form states: "I ACKNOWLEDGE RECEIPT OF THE DISPUTE RESOLUTION POLICY, AS REVISED DECEMBER, 2010, AND THE QUESTIONS AND ANSWERS AND AGREE TO BE BOUND BY ITS TERMS." ECF No. 36-2, Ex. 4.

Plaintiff alleges that on November 30, 2012, the Division Safety Manager inappropriately put his hands on Plaintiff's thighs. ECF No. 34 at 2. Plaintiff claims that she reported the incident to Phylinda Woode, the office manager and her immediate supervisor. *Id.* at 3. On or around December 4th, 2012, Plaintiff alleges that she had another inappropriate verbal and physical encounter with the Safety Manager and that over the next five months inappropriate encounters with the Safety Manager continued. *Id.* Plaintiff then alleges that she anonymously called the employee human resources hotline but did not complete the process of a formal complaint due to a fear of retaliation until a later date. *Id.*

Plaintiff filed a formal complaint after months of alleged harassment on April 2, 2013. ECF No. 34 at 4. On April 18, 2013, Plaintiff asserts that she met with the division leads, where she outlined the sexual harassment and retaliatory conduct. *Id.* The Safety Manager was later fired, and Plaintiff continued to work for Defendants. *Id.* at 6. In October, Plaintiff was transferred to another office "into a hostile environment." *Id.* at 7. Plaintiff alleges she had another disagreement with a fellow employee through email correspondence on October 13, 2013. *Id.* And, Plaintiff walked out of work because of a disagreement with an immediate supervisor on March 7, 2014. *Id.* at 8. The following day on March 8, 2014 the supervisor called to inform Plaintiff that she should not to return to work until March 17, 2014. *Id.* at 9. Plaintiff further states that she was called into the managers' office with another employee as a witness and given a disciplinary slip on March 17, 2014. *Id.* Plaintiff asserts the hostility continued until March 3, 2016 when she was terminated shortly after training a new employee. *Id.* at 9–10.

Plaintiff filed her original Complaint asserting sexual harassment, retaliation, age discrimination, and the creation of a hostile work environment pursuant to Title VII of the Civil Rights Act of 1964 on August 9, 2018. ECF No. 1. On April 8, 2019, Plaintiff filed a Motion for Leave to File her Second Amended Complaint, which the Court granted. ECF No. 28. The Plaintiff's Second Amended Complaint was then subsequently filed on April 29, 2019. *See* ECF No. 34. Defendants assert that at no time prior to filing suit, nor during the time granted by the Court to file Plaintiff's Second Amended Complaint, did Plaintiff invoke arbitration in accordance with the signed policy. ECF No. 36-1.

Defendants contend that Plaintiff's claims should be dismissed, or in the alternative the Court should stay the proceedings, because Plaintiff has previously agreed to address all claims asserted in the Second Amended Complaint under a legally binging arbitration agreement. *Id.*[3]

## Standard of Review

"This Court has considered motions to dismiss in favor of arbitration under Rules 12(b)(1), (3), and (6)." *Willcock v. My Goodness! Games, Inc.*, No. PWG-16-4020, 2018 WL 3970474, *3 (D. Md. Aug. 20, 2018) (Grimm, J.); *see also Garrett v. Monterey Fin. Servs., LLC*, No. JKB-18-325, 2018 WL 3579856, at *2 (D. Md. July 25, 2018) ("[M]otions to dismiss in connection with a valid arbitration agreement are often brought under Rule 12(b)(6) based on the observation that the existence of a valid arbitration clause does not technically deprive the Court of subject matter jurisdiction. . . . However, courts have also found it proper to dismiss claims subject to arbitration agreements under Rule 12(b)(1).") (internal citations omitted); *Lomax v. Weinstock, Friedman & Friedman, P.A*, No. CCB-13-1442, 2014 WL 176779, at *2 (D. Md. Jan. 15, 2014), *aff'd sub nom.*

---

[3] In the alternative, Defendants' assert that the Plaintiff's Second Amended Complaint should be dismissed on alternate grounds which include insufficient process, failure to state a claim, and that some of the claims are time-barred. ECF 36-1. Because I find dismissal is appropriate given the existence of a valid arbitration agreement, I do not address these arguments.

4

*Lomax v. Weinstock, Friedman & Friedman, P.A.*, 583 F. App'x 100 (4th Cir. 2014) ("Courts have found it proper to dismiss claims subject to arbitration agreements under both Rule 12(b)(1) and Rule 12(b)(6)."); *Enter. Info. Mgmt., Inc. v. SuperLetter.com, Inc.*, No. DKC 13-2131, 2013 WL 5964563, at *3 (D. Md. Nov. 7, 2013) (noting that, "[a]lthough no Federal Rule of Civil Procedure expressly addresses motions to dismiss or stay pending arbitration, the United States Supreme Court has described arbitration clauses as 'a specialized kind of forum-selection clause that posits not only the situs of suit but also the procedure to be used in resolving the dispute" and that the Fourth Circuit has "held that a motion to dismiss based on a forum-selection clause," including an arbitration provision, "should be treated as a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3)") (*quoting Scherk v. Alberto–Culver Co.*, 417 U.S. 506, 519 (1974); *citing Aggarao v. MOL Ship Mgmt. Co.*, 675 F.3d 355, 365–66 & n.9 (4th Cir. 2012)); *Sucampo Pharmaceuticals, Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 550 (4th Cir. 2006)).

Alternatively, Defendant seeks to stay this case to compel arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–15. The FAA provides that "[i]f any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . ." 9 U.S.C. § 3.

Regardless of which procedural rule or standard applies, the Court may consider the arbitration agreement, which is integral to the complaint and the authenticity of which is undisputed. *See CACI Int'l v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009) ("Under [Rule 12(b)(6)], the Fourth Circuit has held that courts may consider the complaint itself and any documents that are attached to it," as well as any "document that the defendant attaches

5

to its motion to dismiss if the document was integral to and explicitly relied on in the complaint and if the plaintiffs do not challenge its authenticity.") (citations omitted); *Sposato v. First Mariner Bank,* No. CCB-12-1569, 2013 WL 1308582, at *2 (D. Md. Mar. 28, 2013); *Philogene v. Data Networks, Inc.*, No. PWG-17-1318, 2018 WL 1014929, at *3 (D. Md. Feb. 21, 2018), *aff'd*, 728 F. App'x 214 (4th Cir. 2018); *Willcock v. My Goodness! Games, Inc.*, No. PWG-16-4020, 2018 WL 3970474, at *3–4 (D. Md. Aug. 20, 2018).

## **Analysis**

Dismissal is proper because Plaintiff previously signed an arbitration agreement contained in the Dispute Resolution Policy and all claims are covered therein. *See* ECF No. 36-2. The Fourth Circuit has established that if an issue is "'referable to arbitration under an agreement in writing for such arbitration,'" then a stay is mandatory and a motion to compel must be granted. *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500 (4th Cir. 2002) (*quoting* 9 U.S.C. § 3). Additionally, "dismissal is proper when all of the issues presented in a lawsuit are arbitrable." *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709–10 (4th Cir. 2001). The Court must consider the issues of arbitrability, or issues "determin[ing] whether the underlying controversy will proceed to arbitration on the merits." *See Del Webb Communities, Inc. v. Carlson*, 817 F.3d 867, 874 (4th Cir. 2016) (*quoting Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002)) (internal quotation marks omitted). These include "questions regarding the existence of a legally binding and valid arbitration agreement, as well as questions regarding the scope of a concededly binding arbitration agreement." *Id.* (quoting *Rent-A-Center, W., Inc., v. Jackson*, 561 U.S. 63, 78 (2010) (Stevens, J. dissenting)) (internal quotation marks omitted).

Defendants' assert that the Plaintiff is bound by the arbitration agreement as a result of her signing the Dispute Resolution Policy which expressly states, "[t]his Policy, which is condition of the application process and of continued employment with the Company, is binding upon both the Company and the employee." ECF No. 36−2, Ex. 1. Defendants argue that *all* claims asserted within the Plaintiff's Second Amended Complaint are governed by arbitration due to the language in the Dispute Resolution Policy which states that the policy covers "all forms of unlawful discrimination and retaliation (including, but not limited to race, color, sex, religion, national origin, disability, marital status or age)." *Id.*

In response, Plaintiff argues that as a condition of employment all employees are required to sign the arbitration agreement. ECF No. 38 at 2. Plaintiff also says that over the last three years Defendants have not compelled arbitration. *Id.* But even if true, these arguments do not change the outcome. Plaintiff does not assert any claims or present any evidence that the contractual agreements were invalid under Maryland law. *See* ECF No. 34; *Rose v. New Day Fin., LLC*, 816 F. Supp. 2d 245, 252 (D. Md. 2011) ("Arbitration agreements governed by the FAA are 'valid, irrevocable, and enforceable, save upon such grounds as exist at law or equity for the revocation of any contract.' 9 U.S.C. § 3 (2006)").

The Court finds that arbitrability is established. Plaintiff signed the Dispute Resolution Policy which expressly established binding arbitration over all claims asserted in Plaintiff's Second Amended Complaint. *See* ECF 36-2, Ex. 4. This Court has noted that, despite the "disagreement within the Fourth Circuit as to if dismissal is appropriate, . . . district courts within the Fourth Circuit have continued to find dismissal appropriate." *Taylor v. Santander Consumer USA, Inc.*, No. DKC 15-0442, 2015 WL 5178018, at *7 (D. Md. Sept. 3, 2015) (dismissing case where all issues were arbitrable); *see also, Garrett v. Monterey Fin. Servs.*, LLC, No. JKB-18-325, 2018 WL 3579856, at *4 (D. Md. July 25, 2018) ("The FAA requires a district court to stay judicial

proceedings involving issues covered by arbitration agreements. 9 U.S.C. § 3. Dismissal is also a proper remedy under the circumstances."); *Bracey v. Lancaster Foods, LLC*, No. RDB-17-1826, 2018 WL 1570239, at *7 (D. Md. Mar. 30, 2018) ("Having determined that Bracey is bound by the Arbitration Agreement, the appropriate remedy is dismissal of his claims."); *Washington v. Lennar Corp.*, No. TDC-17-0079, 2018 WL 722418, at *3 (D. Md. Feb. 5, 2018) ("While the FAA further requires only that this Court stay the proceedings pending that arbitration, 'dismissal is proper when all of the issues presented in a lawsuit are arbitrable.'" ) Thus, while it is appropriate to stay a case pending an arbitration decision in lieu of dismissing it when fewer than all claims are subject to arbitration, here, *all* claims are subject to arbitration. For that reason, dismissing the case is appropriate.

## Conclusion

For the above reasons, Plaintiff's claims are subject to arbitration. Therefore, Defendants' Motion to Dismiss is granted. Plaintiff may choose to pursue mediation and arbitration under the terms of the Dispute Resolution Policy.

## ORDER

Accordingly, it is, this 24th day of February 2020 hereby ORDERED that

1. Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint, ECF No. 36, IS GRANTED; and

2. The CLERK is directed to CLOSE this case and mail a copy of this Memorandum Opinion and Order to Plaintiff and counsel for Defendants.

/S/
Paul W. Grimm
United States District Judge
